UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                              v.                    1:97-CR-0028

ANTHONY BELL,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Defendant Anthony Bell moves for a reduction of his sentence pursuant to 18

U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") §

1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed

on the drug quantity table for most cocaine base (crack cocaine) offenses.  *See* U.S.S.G. §

2D1.1(c); Def. Motion (dkt. # 477).

Although it appears (and the government concedes) that Defendant would be

eligible for a sentence reduction, based upon consideration of the factors set forth in 18

U.S.C. § 3553(a), and the reasons supporting the initial sentence, the Court declines to grant

the motion.  See U.S.S.G. § 1B1.10(a)(1) (indicating that the Court "may reduce the

defendant's term of imprisonment," thereby indicating that a resentencing is discretionary).

Defendant was afforded substantial lenity at his original sentencing.  This lenity included the

following: (1) the Court's decision to reject the recommendation by the probation department

to increase Defendant's offense level by two levels for possession of a firearm,

notwithstanding evidence concerning the presence of a firearm; (2) the Court's decision to

grant Defendant a two level acceptance of responsibility reduction notwithstanding evidence suggesting that he might not be eligible for such a downward departure; and (3) the Court's decision to reduce Defendant's criminal history category from VI to IV despite his significant criminal background.  This lenity together with the seriousness of Defendant's offense counsels against a further reduction in the sentence.  To the extent that Defendant is raising the policy concerns identified in <u>Gall v. United States</u>, 128 S. Ct. 586 (2007), and <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), the Court finds that, under the facts and circumstances of this case, and in consideration of the relevant sentencing factors at § 3553(a), the original sentence is, and remains, appropriate and that no adjustment is warranted in this case.  Stated otherwise, even if Defendant had the benefit of the reduced guideline range,[1] taking into consideration the guideline recommendations and the policy considerations set forth at § 3553(a), the Court would, nevertheless, have sentenced Defendant to 180 months.  Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated:March 10, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] All else being equal and solely applying the two level reduction, the new guideline range would be 135-168 month (offense level 30, criminal history category IV).